PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:22-MC-00225-WBS-JDP |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $79,527.22 IN U.S. CURRENCY, and | |
| APPROXIMATELY $33,000.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. In or around September 2021, agents with the Federal Bureau of Investigation ("FBI") and Sacramento County Sheriff's Office ("SCSO") conducted an investigation into Mario Naranjo Gonzalez's drug trafficking activity.  On October 15, 2021, the SCSO seized $79,470.00 in U.S. Currency from Mario Naranjo Gonzalez ("claimant" or "Gonzalez") during a traffic stop.  The seized amount, $79,527.22, represents the $79,470.00 in cash seized from Gonzalez plus the accrued interest on the seized amount (*$57.22*).  On March 16, 2022, FBI seized the Approximately $33,000.00 in U.S. Currency pursuant to a federal search warrant.

2. The FBI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about April 25, 2022, and

May 26, 2022, FBI received claims from Gonzalez asserting an ownership interest in the Approximately $79,527.22 in U.S. Currency and Approximately $33,000.00 in U.S. Currency (collectively the "defendant currency"), respectively.

3. The United States represents that it could show at a forfeiture trial that on October 15, 2021, law enforcement initiated a traffic stop on a white Toyota Camry ("Camry") in which Gonzalez was the driver and sole occupant. The traffic stop occurred on southbound Highway 99 near Mingo Road in Galt, California after law enforcement observed the Camry traveling 67 mph in a 55-mph construction zone. The Camry also had tinted front windows in violation of California law. Law enforcement approached the driver's side of the vehicle and encountered Gonzalez. While law enforcement completed the traffic infractions and ran a record check on Gonzalez, a trained drug detection dog alerted to the odor of narcotics on the Camry's passenger side area.

4. The United States represents that it could further show at a forfeiture trial that after the positive alert for the odor of narcotics, law enforcement explained to Gonzalez that the Camry would be searched based on the positive alert made by the drug detection dog.

5. The United States represents that it could further show at a forfeiture trial that a search of the front driver seat's back storage flap revealed two bricks of cash wrapped in green cellophane. Law enforcement continued their search and dismantled the front passenger seat, removing its cover and associated components, finding ten additional bricks of cash wrapped in green cellophane. A later bank count of the cash seized from Gonzalez's vehicle totaled $79,740.00.

6. The United States represents that it could show at a forfeiture trial that on March 16, 2022, law enforcement executed a federal search warrant at Gonzalez's residence on Thomasnell Way in Ceres, California. Law enforcement entered the residence and encountered a locked master bedroom. Law enforcement breached the bedroom door and a trained drug detection dog alerted to the odor of narcotics on a safe and showed an interest in a nightstand. On top of the nightstand, law enforcement located six cell phones, receipts, and mail with Gonzalez's name. Law enforcement also found tucked behind the left leg of the nightstand four rubber-banded stacks of cash. A later bank count of the cash from under the nightstand totaled $33,000.00.

7.     The United States could further show at a forfeiture trial that in a continued search of the master bedroom law enforcement located a money counter, two heat sealing devices, fourteen cellular telephones, pay/owe sheets, digital scales, and heat-sealing bags.  Inside the garage, law enforcement located another heat sealer, heat sealing bags, saran wrap, rubber bands, and two digital scales.

8.     The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9.     Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Claimant acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

10.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11.    This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12.    The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.     Upon entry of this Consent Judgment of Forfeiture, the Approximately $79,527.22 in U.S. Currency, together with any interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3.     Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, the Approximately $33,000.00 in U.S. Currency shall be returned to claimant Mario Naranjo Gonzalez

through his attorney Jakrun Sodhi.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated: January 10, 2025

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE